**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

WESLEY D. JOHNSTON

                                                        PLAINTIFF

V.                          NO. 3:04CV00327 JTR

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                 DEFENDANT

## ORDER

Pending before the Court is Plaintiff's Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act ("EAJA").  (Docket entry #14).  The Commissioner has filed a Response. (Docket entry #15).  For the reasons set forth herein, the Motion will be denied.

On September 20, 2004, Plaintiff filed this action challenging the decision of an Administrative Law Judge ("ALJ") denying his claim for social security benefits. (Docket entry #2). On March 7, 2006, the Court entered an Order and a Judgment (docket entries #12 and #13) reversing the ALJ's decision and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

On April 21, 2010, Plaintiff's attorney, Mr. John C. Throesch, filed a Motion for an Award of Attorney's Fees Under the EAJA.  (Docket entry #14).  The Commissioner argues that the Motion is untimely.  (Docket entry #15).

In order to obtain attorneys' fees under the EAJA, the prevailing party must file the fee application "within thirty days of final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  In *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) , the Court held that the EAJA's thirty-day time limit

begins to run at the end of the sixty-day time period for filing an appeal in a social security case.[1]

Thus, after the entry of judgment pursuant to a sentence-four remand, the prevailing party has ninety

days to file a request for fees pursuant to the EAJA.  Finally, the Eighth Circuit has held that the

time limit is jurisdictional.  *See Pottsmith v. Barnhart*, 306 F.3d 526 (8th Cir. 2002).

Following the entry of Judgment on March 7, 2006, Plaintiff had ninety days, until June 5,

2006, to file a request for attorneys' fees pursuant to the EAJA.  Because Plaintiff's Motion is

untimely by almost four years, it must be denied.

IT IS THEREFORE ORDERED that Plaintiff's Motion for an Award of Attorney's Fees

Under the Equal Access to Justice Act (docket entry #14) is DENIED.

DATED this 27th day of September, 2010.

_____

UNITED STATES MAGISTRATE JUDGE

---

[1]*See* Fed. R. App. P. 4(a)(1)(B) (any party has sixty days from the entry of judgment to file an appeal where the "United States or its officer or agency is party").